JUDGE JOHNSTON
MAGISTRATE JUDGE JENSEN

FILED
5/2/2023
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

23-CR-50020

| UNITED STATES OF AMERICA | ) | No. |
| --- | --- | --- |
| | ) | |
| vs. | ) | Violations: Title 18, United States |
| | ) | Code, Section 1343 |
| MARK CARROLL and | ) | |
| LUKE CURRY | ) | **UNDER SEAL** |

### COUNT ONE

The SPECIAL OCTOBER 2022 GRAND JURY charges:

1. At times material to this indictment:

    a. Defendants MARK CARROLL and LUKE CURRY owned and operated Catapult Marketing, Limited Liability Company ("LLC") ("Catapult Marketing"), which was registered with the Kentucky Secretary of State on or about November 23, 2018.

    b. Defendants CARROLL and CURRY owned and operated Catapult Funding LLC ("Catapult Funding"), which was registered with the Wyoming Secretary of State on or about October 12, 2019.

    c. On or about October 18, 2019, Catapult Funding opened an account at JPMorgan Chase Bank ending in x5688 ("Catapult Funding Account x5688"), which listed defendants CARROLL and CURRY as authorized signers.

    d. On or about April 15, 2019, FX International Traders, LLC ("FX International Traders") was registered with the Kentucky Secretary of State. FX

International Traders' Articles of Organization listed defendants CARROLL and CURRY, and Individual C as the organizers.

  e. In or about August 2018, Individual A opened an account at KeyBank ending in x8951 ("KeyBank Account x8951"), which was titled "Attorney Escrow/IOLTA."

  f. On or about October 4, 2020, Freedom Consulting LLC ("Freedom Consulting") was registered with the Kentucky Secretary of State. Articles of Organization with the Kentucky Secretary of State listed Individual B as the organizer.

  2. Beginning no later than in or about September 2019, continuing until at least in or about April 2021, in the Northern District of Illinois, Western Division, and elsewhere,

> MARK CARROLL and
> LUKE CURRY,

defendants herein, and others known and unknown to the grand jury, did knowingly devise, intend to devise, and participate in a scheme to defraud borrowers and investors, and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, as further described below.

  3. It was part of the scheme that defendants fraudulently obtained at least approximately $3,281,000 from victims by (a) falsely offering a line of credit to the victims in exchange for the victims' initial deposit of or about 20% of the loan facility ("80/20 Line of Credit"), and (b) fraudulently entering private loan agreements with

2

victims in which defendants falsely promised to repay principal and interest at maturity in exchange for victims' loan funds ("Private Loan Agreements").

4. It was further part of the scheme that the defendants fraudulently obtained at least approximately $1,000,000 from at least two victim borrowers, including Victim Borrow A and Victim Borrower B (collectively, the "Victim Borrowers" and individually, a "Victim Borrower") for the 80/20 Line of Credit by knowingly making false and fraudulent representations to the Victim Borrowers that: (i) Catapult would fund a line of credit for the Victim Borrower in exchange for an initial deposit from the Victim Borrower, and (ii) the Victim Borrower's initial deposit would remain held in the receiving bank account to ensure the safekeeping of the Victim Borrower's initial deposit. In fact, defendants CARROLL and CURRY: (i) did not fund the line of credit for the Victim Borrowers after receiving the Victim Borrowers' initial deposits, and (ii) caused the Victim Borrowers' initial deposits to be moved from the receiving bank account.

5. It was further part of the scheme that defendants misappropriated Victim Borrowers' funds, the initial deposits, and used such funds for purposes other than those represented to the Victim Borrowers, such as using Victim Borrower A's initial deposit money to pay Victim Borrower B, and by using Victim Borrower B's initial deposit money to donate to a school.

6. It was further part of the scheme that defendants fraudulently obtained at least approximately $2,281,000 from at least four victim lenders, including Victim Lender A, Victim Lender B, Victim Lender C, and Victim Lender D (collectively, the "Victim Lenders," and individually, a "Victim Lender") through the offer and

3

execution of purported Private Loan Agreements between Victim Lenders and companies connected with the defendants, including FX International Traders, Catapult, and Freedom Consulting, for the purpose of purported investments with defendants. To fraudulently obtain the Victim Lenders' funds, defendants knowingly made false and fraudulent representations and promises to the Victim Lenders, directly or indirectly, about the purported loans, including that: (i) the funds provided by the Victim Lender, in the form of a loan, would be used for a certain purpose or purposes, (ii) the loan principal provided by the Victim Lender would be returned in full to the Victim Lender at maturity, (iii) the Victim Lender's rate of return was guaranteed, and (iv) the Victim Lender would be paid in accordance with the terms of their agreement. In fact, defendants knowingly: (i) did not use the Victim Lenders' funds solely for the purpose or purposes represented and promised, (ii) did not return the principal of the loan to the Victim Lenders, (iii) did not pay the Victim Lenders rates of returns guaranteed to them, and (iv) did not pay the Victim Lenders in accordance with the terms of their agreements.

7. It was further part of the scheme that defendants concealed, misrepresented, and hid and caused to be concealed, misrepresented, and hidden, the existence and purpose of the scheme and the acts done in furtherance of the scheme.

8. On or about May 6, 2020, at Byron, in the Northern District of Illinois, Western Division, and elsewhere,

MARK CARROLL and
LUKE CURRY,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of a wire communication in interstate commerce certain writings, signs, and signals, namely, a wire transfer in the amount of approximately $500,000, representing Victim Borrower A's initial loan facility deposit, which originated inside the State of Illinois and was transmitted to a bank server outside of the State of Illinois, and resulted in the deposit of the payment into Individual A's KeyBank Account x8951 located outside the State of Illinois;

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

The SPECIAL OCTOBER 2022 GRAND JURY further charges:

1. Paragraphs 1 through 7 of Count One of this Indictment are incorporated herein.

2. On or about May 1, 2020, in the Northern District of Illinois, and elsewhere,

MARK CARROLL and<br>
LUKE CURRY,

defendant herein, for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of a wire communication in interstate commerce certain writings, signs, and signals, namely, a wire transfer in the amount of approximately $130,000, representing a portion of Victim Lender A's private loan funds in Individual A's KeyBank Account x8951, which originated outside of the State of Illinois, was processed through a server in the Northern District of Illinois, and ultimately resulted in a deposit in defendants' Catapult Funding Account x5688 located outside the State of Illinois;

In violation of Title 18, United States Code, Section 1343.

## COUNT THREE

The SPECIAL OCTOBER 2022 GRAND JURY further charges:

1. Paragraphs 1 through 7 of Count One of this Indictment are incorporated herein.

2. On or about May 27, 2020, in the Northern District of Illinois, and elsewhere,

MARK CARROLL and
LUKE CURRY,

defendants herein, for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of a wire communication in interstate commerce certain writings, signs, and signals, namely, a wire transfer in the amount of approximately $500,000, representing a portion of Victim Lender A's private loan funds in Individual A's KeyBank Account x8951, which originated outside of the State of Illinois, was processed through a server in the Northern District of Illinois, and ultimately resulted in a deposit in defendants' Catapult Funding Account x5688 located outside the State of Illinois;

In violation of Title 18, United States Code, Section 1343.

## COUNT FOUR

The SPECIAL OCTOBER 2022 GRAND JURY further charges:

1. Paragraphs 1 through 7 of Count One of this Indictment are incorporated herein.

2. On or about June 22, 2020, in the Northern District of Illinois, and elsewhere,

> MARK CARROLL and
> LUKE CURRY,

defendants herein, for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of a wire communication in interstate commerce certain writings, signs, and signals, namely, a wire transfer in the amount of approximately $125,000, representing Victim Lender B's private loan funds, which originated outside of the State of Illinois, was processed through a server in the Northern District of Illinois, and ultimately resulted in a deposit in defendants' Catapult Funding Account x5688 located outside the State of Illinois;

In violation of Title 18, United States Code, Section 1343.

## **COUNT FIVE**

The SPECIAL OCTOBER 2022 GRAND JURY further charges:

1. Paragraphs 1 through 7 of Count One of this Indictment are incorporated herein.

2. On or about April 29, 2021, in the Northern District of Illinois, and elsewhere,

MARK CARROLL and<br>
LUKE CURRY,

defendants herein, for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of a wire communication in interstate commerce certain writings, signs, and signals, namely, a wire transfer in the amount of approximately $250,000, representing Victim Lender C's private loan funds, which originated outside of the State of Illinois, was processed through a server in the Northern District of Illinois, and ultimately resulted in a deposit in Catapult Funding Account x5688 located outside the State of Illinois;

In violation of Title 18, United States Code, Section 1343.

## COUNT SIX

The SPECIAL OCTOBER 2022 GRAND JURY further charges:

1. Paragraphs 1 through 7 of Count One of this Indictment are incorporated herein.

2. On or about April 30, 2021, in the Northern District of Illinois, and elsewhere,

MARK CARROLL and
LUKE CURRY,

defendants herein, for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of a wire communication in interstate commerce certain writings, signs, and signals, namely, a wire transfer in the amount of approximately $56,000, representing Victim Lender D's private loan funds, which originated outside of the State of Illinois, was processed through a server in the Northern District of Illinois, and ultimately resulted in a deposit in defendants' Catapult Funding Account x5688 located outside the State of Illinois;

In violation of Title 18, United States Code, Section 1343.

A TRUE BILL:

FOREPERSON

_Morris Pasqual by RWJR_
ACTING UNITED STATES ATTORNEY

10